UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14CV-P79-R

BENNIE L. GAMBLE, JR.                                                    PLAINTIFF

v.

CIRCUIT JUDGE JEFF R. HINES                                              DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on the criminal complaint filed by Plaintiff Bennie L. Gamble, Jr., in which he attempts to bring criminal charges against Defendant Circuit Judge Jeff R. Hines. Gamble alleges that Defendant violated federal criminal statutes. Where the form requests the facts on which the criminal complaint is based, Gamble states, "Constitutional: Fact doctrine, Jurisdictional: Fact doctrine, Constitutional tort, Government tort, Intentional tort, Negligent tort, Personal tort, Prima: facie."

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The

party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen*, 511 U.S. at 377.

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Gamble is a private citizen and cannot initiate criminal charges against anyone. He therefore fails to establish the Court's subject-matter jurisdiction over this action. The Court will dismiss the action under Fed. R. Civ. P. 12(h)(3) by separate Order.

Date:

cc: Plaintiff Gamble, *pro se*
 Defendant
4413.010